# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BISMARK MERCADO,

        Petitioner,  :  Case No. 1:14-cv-124

- vs -      District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

NORM ROBINSON, WARDEN,
  Chillicothe Correctional Institution,

:

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* under 28 U.S.C. § 2254, is before the Court for decision on the merits. The Petition was filed March 6, 2014 (Doc. No. 4). On Magistrate Judge Bowman's Order (Doc. No. 5), the Warden has filed a Return of Writ (Doc. No. 8). Judge Bowman granted the Petitioner twenty-one days after the Return to file a reply (Doc. No. 5, PageID 45). That time expired June 1, 2014, and no reply has been filed. Thus the case is ripe for decision.

**Procedural History**

1

Mercado was indicted by a Hamilton County grand jury on one count of trafficking in cocaine with a major drug offender specification and one count of conspiracy. Having waived a jury, he was tried to the bench, convicted as charged, and sentence to ten years in prison. On his first direct appeal, Mercado successfully overturned his conspiracy conviction. Mercado appealed further to the Supreme Court of Ohio, but that court declined jurisdiction. Mercado then filed the instant Petition, raising the following Grounds for Relief:

> **Ground One**: The Ohio State Courts erred in ruling that Petitioner's Jury Waiver was voluntary and that it complied with Ohio Revised Code § Section 2945.05 and Crim. R. 23(A) as well as Federal Due Process; when the facts support that he did not clearly understand or speak English nor did he fully understand that he was waiving his right to a Jury Trial.
>
> **Ground Two**: The Ohio Courts erred by holding that Petitioner was guilty of trafficking in cocaine and conspiracy, as those findings were not supported by sufficient evidence as well as being against the manifest weight of the evidence; and therefore, contrary to law.

(Petition, Doc. No. 4.)

**Procedural Default of Ground One by Lack of Fair Presentation**

Respondent asserts Mercado procedurally defaulted his First Ground for Relief by failing to present it to the Ohio courts as a federal constitutional claim (Return of Writ, Doc. No. 8, PageID 52-59). Mercado has not responded to this argument.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual

basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

"Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2004); accord, *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004).

Mercado's First Assignment of Error on direct appeal reads "Defendant-Appellant's waiver of trial by jury was not voluntary and did not strictly comply with R.C. [Ohio Revised Code] Section 2945.05 and Crim. R. 23(A)." (Appellant's Brief, Return of Writ, Doc. No. 8-1, Ex. 6, PageID 89.)  The argument in support relies entirely on Ohio case law requiring strict compliance with Ohio Revised Code § 2945.05. *Id.* at PageID 93-94. No mention is made of the United States Constitution; there is no citation to federal authority at all. *Id.* The decision of the First District Court of Appeals discusses only Ohio Revised Code § 2945.05 and Ohio R. Crim. P. 23. *State v. Mercado*, Case No. C-120114 (1st Dist. Oct. 31, 2012)(unpublished; copy at Return of Writ, Doc. No. 8-1, Ex. 8, PageID 119 et seq.)

The Court agrees with Respondent that Mercado's First Ground for Relief is procedurally defaulted by his failure to fairly present it to the Ohio courts as a federal constitutional claim.

3

**Ground Two:  Insufficient Evidence to Convict**

In his Second Ground for Relief, Mercado asserts there was insufficient evidence on which to convict him and his conviction is against the manifest weight of the evidence.  As the Warden points out, the manifest weight claim is not cognizable in federal habeas corpus, but an allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

4

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam*).

In arguing this Ground for Relief, Mercado asserts there was no evidence he handled either the package of cocaine or the duffel bag with the payoff money (Petition, Doc. No. 4, PageID 35-36). He claims he was neither the owner nor the driver of the truck when the exchanges took place. *Id.* Most of his argument on the Second Ground for Relief, however, is direct to the manifest weight claim, which a federal habeas court cannot consider.

The First District Court of Appeals decision on the sufficiency of the evidence is quite summary: "We conclude that the state presented adequate evidence on each element of the offenses. *See State v. Thompkins,* 78 Ohio St. 3d 380, 386, 678 N.E. 2d 541 (1997)." *State v. Mercado*, Case No. C-120114 (1st Dist. Oct. 31, 2012)(unpublished, copy at Return of Writ, Doc. No. 8-1, Ex. 8, PageID 120). Although the holding is summary, we are still bound to grant it AEDPA deference. *Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 792 (2011). *Thompkins* embodies the *Jackson v. Virginia*, standard, so the First District's decision is not contrary to federal law. Finally, the recitation of evidence in the Return of Writ compensates for the summary First District opinion. See Return of Writ, Doc. No. 8, PageID 70-72. The evidence recited there shows there was competent evidence on each of the required elements of the offenses with which Mercado was charged. The Second Ground for Relief is therefore without merit.

**Conclusion**

On the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion,

Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 5, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).