# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BISMARK MERCADO,

        Petitioner,    :    Case No. 1:14-cv-124

- vs -    District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

NORM ROBINSON, WARDEN,
  Chillicothe Correctional Institution,

    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 13) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 11). Judge Black has recommitted the case for further consideration in light of the Objections (Doc. No. 14).

The Petition pleads two grounds for relief: (1) that Mercado's jury waiver was not voluntary and (2) that his convictions for trafficking in cocaine and conspiracy[1] were not supported by sufficient evidence (Petition, Doc. No. 4). The Warden sought dismissal of this First Ground as procedurally defaulted and the Second Ground as meritless, based on the Ohio courts' decision of that claim (Return of Writ, Doc. No. 8).

Mercado did not file a reply. In his Objections, he claims he filed a "Response to Return

---

[1] As Petitioner acknowledges in his Objections, the conspiracy conviction was already overturned on state direct appeal (Doc. No. 13, PageID 387).

1

of Writ and Memorandum Contra" (Doc. No. 13, PageID 388), but no such document appears on the docket of this case.  The Return of Writ and State Court Record were filed and served on May 8, 2014 (Doc. Nos. 8 & 9).  Nothing was docketed in the case from that date until the case was transferred to the undersigned ten months later on March 4, 2015 (Doc. No. 10).  Under Magistrate Judge Bowman's Order, Mercado's reply was due to be filed by June 1, 2014 (Doc. No. 5, PageID 45).  If Mercado has a time-stamped copy of his Response, he should send a copy of it to the undersigned who will withdraw the Report, consider the Response as part of the case, and initiate an inquiry as to why it was not properly docketed.

**Ground One:  Jury Waiver**

The Report concluded, as argued by the Warden, that the First Ground for Relief was procedurally defaulted because it had not been fairly presented to the state courts as a federal constitutional claim (Report, Doc. No. 11, PageID 377-78).  The analysis of this Ground for Relief in the Report reads:

> Mercado's First Assignment of Error on direct appeal reads "Defendant-Appellant's waiver of trial by jury was not voluntary and did not strictly comply with R.C. [Ohio Revised Code] Section 2945.05 and Crim. R. 23(A)." (Appellant's Brief, Return of Writ, Doc. No. 8-1, Ex. 6, PageID 89.) The argument in support relies entirely on Ohio case law requiring strict compliance with Ohio Revised Code § 2945.05. *Id*. at PageID 93-94. No mention is made of the United States Constitution; there is no citation to federal authority at all. *Id*. The decision of the First District Court of Appeals discusses only Ohio Revised Code § 2945.05 and Ohio R. Crim. P. 23. *State v. Mercado*, Case No. C-120114 (1st Dist. Oct.

2

>31, 2012)(unpublished; copy at Return of Writ, Doc. No. 8-1, Ex. 8, PageID 119 et seq.)

(Report, Doc. No. 11, PageID 378.)

In his Objections, Mercado does not take issue with the Magistrate Judge's reading of his state court appellate brief. Instead, he re-states the issue as "Federal due process as his Jury Waiver was not voluntary or even knowing as he did not speak or read English (no interpreter was provided) and Mr. Mercado did not fully understand what he was waiving." (Doc. No. 13, PageID 388.) He continues:

> Please note, on the face, of Ground One, it states FEDERAL DUE PROCESS. Therefore even though he also argued that the State violated Ohio Revised Code Section 2945.05 and [Ohio] Crim. R. 23(A), the Federal due process argument that the jury waiver was not voluntary or knowing was still presented in the Ohio State Courts and cannot now be procedurally defaulted.

*Id.* at PageID 389-90.

Mercado is correct that his Petition in this case does say that his jury waiver was not voluntary and therefore violated "Federal Due Process." (Petition, Doc. No. 4, PageID 32.) In arguing the claim, he states that he "speaks and understands Spanish," that the waiver was written in English, and that no interpreter was used. *Id.* at PageID 33.

However, the procedural default question does not turn on whether Mercado presents a federal constitutional claim to this Court, but whether he fairly presented the same claim to the Ohio courts. As evidence that it was not fairly presented, the Magistrate Judge relies on the following parts of the record:

1.    In the Table of Contents of the Brief of Defendant-Appellant, no mention is made of a

3

due process issue and only Ohio states cases are cited (Doc. No. 8-1, PageID 89).

2. The First Assignment of Error reads "The trial court erred to the prejudice of Defendant-Appellant by allowing him to be tried to the bench." *Id.* at PageID 93. Nowhere in the argument is Federal Due Process mentioned. There is no claim Mercado did not understand the waiver or anything about his ability to understand English or the presence or absence of an interpreter. *Id.* at PageID 93-94. No federal case authority is cited, but only Ohio cases.

3. The First District Court of Appeals discussed only the issue of compliance with Ohio Revised Code § 2945.05 and Ohio R. Crim. P. 23(A). It also made the finding that "nothing in the record demonstrates that Mercado was unable to understand either written or spoken English." *State v. Mercado*, Case No. C-120114 (1st Dist. Oct. 31, 2012)(unpublished; copy at Return of Writ, Doc. No. 8-1, Ex. 8, PageID 120).

4. On further appeal to the Supreme Court of Ohio, Mercado's counsel did not mention the United States Constitution or cite any federal law, but rather relied on the asserted noncompliance with Ohio state law. (Memorandum in Support of Jurisdiction, Doc. No. 8-1, PageID 124-25.)

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter*, 450 F.3d at 236; *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995). Here

4

Mercado did not even do so much as use the "talismanic" words "federal due process" in the state courts.

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it). An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), *citing Lott*, 261 F.3d at 612. A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27 (2004).

Mercado again tries to change the complexion of his First Ground for Relief by adding that his Sixth Amendment rights were violated because his trial attorney allowed the waiver to happen without appropriate process (Objections, Doc. No. 13, PageID 390). But Mercado also did not mention the Sixth Amendment in his state court proceedings, nor does he plead a Sixth Amendment violation in his Petition; the relevant Due Process Clause is in the Fourteenth Amendment, not the Sixth.

The Magistrate Judge remains persuaded that Ground One was not fairly presented to the Ohio courts as a federal constitutional claim. On that basis, it is procedurally defaulted and should be dismissed with prejudice.

**Ground Two:  Insufficient Evidence to Convict**

In his Second Ground for Relief, Mercado asserts there was insufficient evidence on which to convict him and his conviction is against the manifest weight of the evidence.

The Report accepted the Warden's defense that a weight of the evidence claim is not cognizable in federal habeas corpus (Doc. No. 11, PageID 379).  Mercado offers no objection to that conclusion.

The Report concluded the insufficiency of the evidence claim was properly pleaded in federal habeas corpus.  Mercado reads this "concession" as he calls it as sufficient to raise this claim above the level of frivolousness and to lend it weight, considering that the First District did reverse the conspiracy charge (Objections, Doc. No. 13, PageID 391).

Mercado does not disagree that *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); and *Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam)* and the Supreme Court cases which provide the governing standards for this claim.  He provides no argument as to why the First District's application of these cases is objectively unreasonable.  Instead, he insists deference must be given to the First District's reversal of the conspiracy conviction (Objections, Doc. No. 13, PageID 391).

The First District's reversal of the conspiracy conviction has nothing to do with adequacy of evidence. The court expressly found that the state presented adequate evidence on each element of the offense**s** (emphasis added).  *State v. Mercado, supra,* PageID 120.  Rather, the court reversed the conspiracy conviction *sua sponte,* meaning on its own motion*. Id.* Rather, the court expressly relied on Ohio Revised Code § 2923.01(G) which provides:  "When a person is convicted of committing or attempting to commit a specific offense or of complicity in the

commission of or attempt to commit the specific offense, the person shall not be convicted of conspiracy involving the same offense."

For the reasons stated in the Report (Doc. No. 11, PageID 381), the Magistrate Judge remains persuaded that Mercado has not shown that the First District's decision on the sufficiency of the evidence is contrary to or an objectively unreasonable application of the relevant Supreme Court law. It is therefore again recommended that the Second Ground be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous[2] and therefore should not be permitted to proceed *in forma pauperis*.

May 4, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[2] Mercado reads parallel language in the Report as painting him personally as frivolous (Objections, Doc. No. 13, PageID 387). No such personal disrespect is intended. Rather, this recommendation embodies the Magistrate Judge's conclusion that an appeal would be frivolous. District courts are required to decide this question in the first instance, but, if Judge Black adopts this recommendation, Mercado will be able to contest that finding in the court of appeals.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).